Duluth Log Company, Appellant, vs. St. Croix Land Company, Respondent.

*February 4—February 21, 1911.*

*Replevin: Logs and timber: Consent to cutting: Estoppel.*

In an action of replevin for timber, the holding of the trial court is sustained, to the effect that there was no evidence of consent by defendant to the cutting of timber from its land or of facts which would estop defendant from claiming that no consent was given.

Appeal from a judgment of the circuit court for Douglas county: A. J. Vinje, Circuit Judge. *Affirmed.*

The cause was submitted for the appellant on the brief of *Archibald McKay,* and for the respondent on that of *George C. Cooper.*

Winslow, C. J.    The plaintiff brought replevin for a quantity of logs, poles, etc., cut and lying upon two eighty-acre tracts of land.    The defendant owned the lands on which

the logs and poles were piled and from which they were cut and also claimed to own the logs and poles themselves. A verdict for the defendant was directed by the court, and from judgment thereon the plaintiff appeals.

The plaintiff claimed title to the property by purchase from two men named Curtis and Henderson, who were in possession of the two eighties respectively from November, 1905, until September, 1906, and in fact cut the timber and sold it to the plaintiff in the summer of 1906. These men were in possession of their respective parcels as prospective purchasers, Henderson under a written option to purchase at $8.50 per acre in certain fixed instalments, and Curtis under an oral arrangement to pay $9 per acre therefor, the times of payment not being fixed. There was no written contract to convey in either case. It was admitted that Henderson was given permission to cut some timber in the winter of 1905 and 1906 and that he did so and sold and delivered the same. It is claimed that there was some evidence tending to show an implied consent on the part of the defendant that Henderson and Curtis might cut and sell the timber in question in the following summer, or at least that the defendant's officers knew of the cutting and did not object and are now estopped from claiming that there was no consent given. The trial judge held that there was no evidence of such consent, or of facts which would create an estoppel, and after careful examination of the evidence we cannot say that his conclusion was wrong.

*By the Court.*—Judgment affirmed.

VINJE, J., took no part.